# UNITED STATES DISTRICT COURT

for the
### Eastern District of Kentucky
### Lexington Division

| | | |
|---|---|---|
| Linda Tucker | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| First Resolution Investment Corp. | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Corporate Service Center, Inc. | ) | |
|     5605 Riggins Court, Suite 200 | ) | |
|     Reno, NV 89502 | ) | |
| | ) | |
| Unifund CCR, LLC | ) | |
| *Successor in Interest to* | ) | |
| First Resolution Investment Corp. | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Corporation Service Company | ) | |
|     421 West Main Street | ) | |
|     Frankfort, KY 40601 | ) | |
| | ) | |
| Unifund CCR Partners | ) | |
| *Succcessor in Interest to* | ) | |
| First Resolution Investment Corp. | ) | |
| *and Assumed Name for* | ) | |
| Credit Card Receivables Fund, Inc. *and* | ) | |
| ZB Limited Partnership | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Credit Card Receivables Fund, Inc. | ) | |
|     c/o Corporation Service Company | ) | |
|     2711 Centerville Road | ) | |
|     Suite 400 | ) | |
|     Wilmington, DE 19808 | ) | |
| | ) | |
|     ZB Limited Partnership | ) | |
|     c/o Corporation Service Company | ) | |
|     2711 Centerville Road | ) | |
|     Suite 400 | ) | |
|     Wilmington, DE 19808 | ) | |
| | ) | |

## COMPLAINT and DEMAND FOR JURY TRIAL

\*      \*      \*      \*      \*

### INTRODUCTION

1.      This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA") and KRS 360.020.

### JURISDICTION

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d). Plaintiff Linda Tucker asks the Court to take supplemental jurisdiction over her related state statutory claim under 28 U.S.C. § 1367.

### PARTIES

3.      Plaintiff, Linda Tucker, is a natural person who resides in Scott County, Ky.  Ms. Tucker is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4.      First Resolution Investment Corp. ("FRIC") is a foreign corporation that is not registered with the Kentucky Secretary of State. FRIC is engaged in the business of purchasing debt from creditors and collecting these debts in this state. FRIC either sold all of its assets to the Unifund Group of companies and/or transferred its assets to the Unifund Group of companies for servicing.[1]

5.      FRIC is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

6.      Unifund CCR, LLC is a foreign limited liability company that has registered with the Kentucky Secretary of State. Unifund CCR, LLC is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Unifund CCR, LLC's principal place of business is located at 10625 Techwoods Circle, Cincinnati, OH 45242.

7.      Unifund CCR, LLC is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

8.      Unifund CCR Partners is a New York general partnership comprising two partners: Credit Card Receivables Fund, Inc. and ZB Limited Partnership.

9.      Unifund CCR Partners is a foreign limited liability company that has registered with the Kentucky Secretary of State. Unifund CCR Partners is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Unifund CCR Partners' principal place of business is located at 10625 Techwoods Circle, Cincinnati, OH 45242.

---

[1] http://www.firstresolution.com (visited October 3, 2016).

10.     Unifund CCR Partners is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## RELEVANT FACTS

11.     FRIC is or was a Canadian corporation.

12.     On January 27, 2010, FRIC filed suit against Ms. Tucker in Scott District Court in Case No. 10-C-00108. A true and accurate of the Scott District Complaint in Case No. 10-C-00739 is attached as Exhibit "A."

13.     FRIC's complaint was an attempt to collect a charged-off credit card originated by Chase Bank USA, N.A.

14.     Upon information and belief, the Chase credit card at issue in the Scott District Court case was used solely for personal, family, or household purposes, which makes the Chase credit card debt a "debt" within the meaning of the FDCPA.

15.     The Scott District Court complaint avers *inter alia* that Ms. Tucker owed FRIC the principal amount of $978.01 plus interest at the rate of 24.00% per annum from July 31, 2006.

16.     FRIC moved for default judgment. FRIC's motion for default judgment included no documents that established either Ms. Tucker's liability for the Chase debt or its right to accrue 24% interest per annum on the debt. A true and accurate copy of FRIC's motion for default judgment is attached as Exhibit "B."

17.     The Scott District Court denied the motion for default judgment on grounds that Ms. Tucker appeared in Court and tendered an answer.

18.     Ms. Tucker did not understand that the Scott District Court was simply denying FRIC's motion for default judgment. Rather, Ms. Tucker thought and believed that the Scott District Court had dismissed FRIC's complaint against her.

19.     After the hearing on FRIC's motion for default judgment, Ms. Tucker approached FRIC's counsel with the intentions of settling the case.

20.     FRIC's counsel rebuffed her and told her that there was no reason to discuss settlement because the case was over.

21.     In June of 2012, FRIC moved for summary judgment against Ms. Tucker.

22.     Ms. Tucker has no recollection of receiving FRIC's motion for summary judgment.

23.     The Scott District Court entered summary judgment in FRIC's favor on June 11, 2012.  A true and accurate copy of the Summary Judgment is attached as Exhibit "C."

24.     The summary judgment awarded FRIC a principal amount of $978.01 "plus interest at the rate of 24% per annum from July 31, 2006 until date of judgment, then 24% per annum thereafter…." *Id.*  The default judgment also awarded FRIC $215.16 in attorney's fees and "its court costs herein expended…."

25.     While the Summary Judgment awards "court costs" to FRIC, no amount of court costs is included or set forth in the amount of the judgment.

26.     Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

27.     The purpose of requiring the prevailing party to file a bill of costs is twofold: **(i)** to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and **(ii)** to subject the award of costs to judicial oversight and review.

28.     If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

29.     FRIC did not file a bill of costs in the state court action.

30.     FRIC did not serve a bill of costs on Ms. Tucker.

31.     There is no supplemental judgment entered in the Scott District Court Case awarding FRIC costs.

32.     On or about March 19, 2015, the Unifund Group acquired all of FRIC's assets.

33.     Upon information and belief, Unifund Group acquired the FRIC judgment against

Ms. Tucker as part of this acquisition.

34.     Upon information and belief, Unifund CCR, LLC and Unifund CCR Partners are affiliated with the Unifund Group.

35.     On July 25, 2016, FRIC and/or Unifund caused a wage garnishment ("Wage Garnishment") to be executed and filed in Scott District Court Case No. 10-C-00108. A true and accurate copy of the Wage Garnishment is attached as Exhibit "D."

36.     The Wage Garnishment states that the amount due as of July 13, 2016 is "$3,841.97 plus interest continuing at the rate of 24% until paid in full."

37.     The Wage Garnishment also includes "Probable Court Costs" of $20.00.

38.     The legal rate of interest under Kentucky law is 8.00% per annum.

39.     The 24.00% per annum interest rate awarded to FRIC in the Default Judgment is grossly in excess of the legal rate.

40.      The 24.00% per annum interest rate awarded to FRIC in the Default Judgment is usurious under Kentucky law. Consequently, Unifund as FRIC's successor in interest has forfeited its right to recover *any* interest from Ms. Tucker by garnishing her wages at a usurious interest rate:

> The taking, receiving, reserving, or **charging a rate of interest greater than is allowed by KRS 360.010**, when knowingly done, **shall be deemed a forfeiture of the entire interest** which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon.

KRS 360.020 (bolding added).

41.     Further, Ms. Tucker has the right to recover twice the usurious interest paid to Unifund under the Wage Garnishment:

> In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the creditors taking or receiving the same: provided, that such action is commenced within two (2) years from the time the usurious transaction occurred.

*Id.*

42.     The Default Judgment is no bar to Ms. Tucker's cause of action under KRS 360.020. *Sherley v. Trabue*, 85 Ky. 71, 2 S.W. 656, 657 (1887) ("Our conclusion is that the borrower may recover usury paid by him either upon a judgment at law or in equity, and that he

may do so by an action at law."). *Accord Courtney v. Dunning*, 201 Ky. 242, 256 S.W. 411, 412 (1923).

43.     The funds taken out of Ms. Tucker's pay have caused her great economic hardship.

44.     The Wage Garnishment has also taken a huge emotional and physical toll on Ms. Tucker.

45.     Unifund violated the FDCPA by taking usurious interest from Ms. Tucker, by misrepresenting the amount of the debt in the Wage Garnishment, including costs and fees in the amount of court costs listed in the Wage Garnishment that are not allowable as court costs, and including a claim for court costs in the Wage Garnishment where no Bill of Costs was filed in the Scott District Court Case.

## Claims for Relief

**I.     Claims against First Resolution Investment Corp., Unifund CCR, LLC, and/or Unifund CCR Partners**

### A.     Violations of the FDCPA

46.     The foregoing acts and omissions of First Resolution Investment Corp., Unifund CCR, LLC, and/or Unifund CCR Partners constitute violations of the FDCPA, including, but not limited to violations of multiple subsections of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

### B.     Violation of KRS 360.020

47.     Unifund filed a Wage Garnishment on Ms. Tucker's employer that included simple interest accrued at 24% per annum.

48.     The 24% per annum accrued interest violates the interest permitted by KRS 360.010.

49.     By collecting usurious interest from Ms. Tucker, Unifund has forfeited the right to any interest from Ms. Tucker under the Default Judgment.

50.     Under KRS 360.020, Ms. Tucker has the right to recover twice the usurious interest paid to Unifund under the Wage Garnishment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Linda Tucker requests that the Court grant her the following relief:

1.    Award Plaintiff actual damages, including but not limited to damages for emotional distress, upset, frustration, and anxiety as the result of the usurious interest paid to Unifund under the Wage Garnishment;

2.    Award Plaintiff maximum statutory damages under 15 U.S.C. § 1692k against each Defendant;

3.    Award Plaintiff twice the total usurious interest paid to Unifund under the Wage Garnishment pursuant to KRS 360.020.

4.    Award Plaintiff reasonable attorney's fees and costs;

5.    A trial by jury; and

6.    Such other relief as may be just and proper.


Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:    (502) 473-6525
Fax:    (502) 473-6561
james@kyconsumerlaw.com